UNITED STATES DISTRICT COURT OF
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ERNESTO DE VARONA
And all others similarly situated,

  Plaintiff(s),
vs.

INFINITE PERSONAL POSSIBILITIES, INC.
and DEBORAH SAFKO

  Defendants.
_____/

## COMPLAINT

Plaintiff, ERNESTO DE VARONA, ("Ernesto" or Plaintiff), for himself and others similarly situated, sues Defendants, INFINITE PERSONAL POSSIBILITIES, INC. ("Infinite") and DEBORAH SAFKO ("Safko"), as follows:

## JURISDICTION, PARTIES, AND VENUES

1. Ernesto, is a resident of Miami-Dade County, Florida, who provided services to Defendants in Broward County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

2. Defendant, Infinite is a for profit Florida corporation that is *sui juris* and operated and has principal place of business in Broward County, Florida, at all times material.

3. Defendant, Safko, was at all material times a resident of this District; she was and is a manager, owner, director, and/or operator of the corporate Defendant for the relevant time period. She ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the employees' wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Ernesto.

5. This Court has jurisdiction over Plaintiff's Fair Standards Act (the "FLSA") and unpaid wages claims, pursuant to 29 U.S.C.A. § 216(b) of the FLSA, 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1337, and by 28 U.S.C.A. § 1367.

6. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal places of business and/or live in Broward County, and also because Defendants employed Plaintiff in Broward County, with most, if not all, of the actions complained of occurring within this County.

## BACKGROUND

7. Defendants regularly employed two or more employees for the relevant time period whose work involves business across state lines, used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act (the "FLSA").

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, their regular handling of goods, material, and products purchased outside of Florida that have moved through interstate commerce.

9. Defendants use computers, office supplies, goods and other materials that also have moved through interstate commerce in order to provide behavioral managements services.

10. Furthermore, Defendants, based upon information and belief, regularly and recurrently obtain, solicit, exchange and send funds to and from outside the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet via email, and otherwise outside the State of Florida.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Ernesto's employment exist, such records are in the exclusive custody of Defendants.

13. Plaintiff worked for Defendants as a Behavioral Analyst Associate ("BAA") from 2004 until present.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the FLSA applies to Plaintiff's work for Defendants in the course of his handling of materials and supplies that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone line, funds, and electronic transmissions that also traveled through interstate commerce.

## Collective Action Allegations

15. Plaintiff brings this action on behalf of himself and other similarly situated persons who work and who worked for Defendants in Florida as during January immediately preceding the filing of the initial Compliant in this Cause through the date of the rendition of a final judgment in this action.

16. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA, deprived of the minimum wages they earned, and who would benefit from the issuance of notice of their rights, the present lawsuit, and their ability to join this lawsuit (without fear of retaliation for affected current employees of Defendants).

17. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action include:

> All BAAs who work or have worked for Infinite Personal Possibilities, Inc. and/or Deborah Safko who were paid less than the full minimum wage, and who are

and who were subject to the same payroll practices and procedures as the Plaintiff during 2019.

18. The class of similarly situated employees employed by Defendants are known to Defendants, readily identifiable from the records maintained by Defendants, and necessarily will present legal and factual issues which are nearly the same, if not identical to, Plaintiff's issues.

19. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiff, were not paid the applicable minimum wage for all hours as Behavioral Analyst Associates.

20. Plaintiff performed the same type of work under the same procedures, rules, and regulations as a class of Defendants' other similarly situated employees who provided Behavioral Analyst Associate Services who were not paid in full applicable minimum wage for all hours worked.

21. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA MINIMUM WAGE VIOLATION

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-22.

24. Since at least August of 2019 to present, Defendants have not paid Plaintiff and other BAA any of their wages.

25. As a direct and proximate result of Defendants' violations of the FLSA, 29 U.S.C.A. §201 *et seq.* above, Plaintiff and other similarly situated BAA of Defendants are entitled to payment of their wages.

26. Defendants willfully and intentionally refused to pay Plaintiff and their other BAAs the applicable minimum wages for all the hours that they worked during the relevant time period.

27. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff and their other BAAs the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE, Plaintiff, ERNESTO DE VARONA, demands the entry of a judgment in his favor and against Defendants, INFINITE PERSONAL POSSIBILITIES, INC and DEBORAH SAFKO, jointly and severally, after trial by jury and as follows:

> (a). That the Court certify the instant suit as an opt-in class action under 29 U.S.C. §216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiff can send notice to all similarly situated employee-BAAs of Defendants since August 2019.
>
> (b). That the named Plaintiff and all class members who opt in recover compensatory minimum wage damages and an equal amount of liquidated damages for all work performed for the Defendants as provided under the law and in 29 U.S.C. § 216 (b);
>
> (c). That the named Plaintiff and all class members who opt in recover pre-judgment interest if he/they is/are not awarded liquidated damages;

(d). That the named Plaintiff and all class members who opt in recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

(e). That the Defendants be ordered to make the Plaintiff and all class members who opt in whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

(f). Such other and further relief as the Court deems just and proper.

## COUNT II- UNPAID WAGES

28. Plaintiff hereby reaves and realleges paragraphs 1-6, 12, 13, 21 and 22 as if fully set forth herein.

29. Plaintiff's was paid monthly wages while working as an employee of Infinite based upon the type of case that he worked.

30. Plaintiff has not been compensated for the work performed since September 2019.

31. Plaintiff has made demand for the wages owed to him and same have not been paid.

WHEREFORE, Plaintiff, ERNESTO DE VARONA, demands judgment against Defendant, Infinite Personal Possibilities, Inc. in the amount of his unpaid wages, prejudgment interest, as well as his attorney's fees and the costs of bringing this action pursuant *Fla. Stat. §448*.08.

**DEMAND FOR JURY TRIAL**

Plaintiff, Ernesto De Varona, hereby requests a trial by jury on all issues so triable.

Dated: December 3, 2019.

> DE VARONA LAW
> Attorneys for Plaintiff
> 350 Camino Gardens Blvd., Suite 105
> Boca Raton, FL 33432
> Phone: (561) 600-9070
> Fax: (561) 600-9077
>
> By: /s/ Alexandra Sierra-De Varona
> ALEXANDRA SIERRA-DE VARONA, ESQ.
> Florida Bar No. 195928
> asd@devaronalaw.com